IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CARL K. THOMPSON,<br><br>        Plaintiff,<br><br>   v.<br><br>MARJORIE K. ALLARD, et al.,<br><br>        Defendants. | Case No. 3:22-cv-00075-SLG-KFR |

**SCREENING ORDER AND**

**REPORT AND RECOMMENDATON**

On April 4, 2022, Carl K. Thompson, a self-represented prisoner (hereinafter "Plaintiff"), filed a Prisoner's Complaint under the Civil Rights Act, 42 U.S.C. § 1983 (hereinafter "Complaint"), a civil cover sheet, and an Application to Waive Prepayment of the Filing Fee.[1] The Court now screens Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

**SCREENING REQUIREMENT**

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner. In this screening, a court shall dismiss the case at any time if the court determines that the action:

---

[1] Dkts. 1-3.

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[2]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[3] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[4]

Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so

---

[2] 28 U.S.C. § 1915A.
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).
[4] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Screening Order
*Thompson v. Allard et al*
3:22-cv-00075-SLG-KFR  Page 2 of 9
Case 3:22-cv-00075-SLG-KFR   Document 5   Filed 07/15/22   Page 2 of 9

would be futile.[5] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[6]

## DISCUSSION

### I. Complaint

Plaintiff brings suit against Marjorie K. Allard, Chief Judge of the Alaska Court of Appeals; Tracey Wollenberg, Judge of the Alaska Court of Appeals; and Timothy W. Terrell, Judge Sitting by Designation on the Alaska Court of Appeals (collectively "Defendants").[7] Plaintiff sues Defendants in their official capacities.[8]

In Claim 1, Plaintiff alleges Defendants acted with deliberate indifference to Plaintiff's liberty interest by converting his writ of habeas corpus to a post-conviction relief application, under Alaska Rule of Criminal Procedure 35.1, then denying it under the provisions of Alaska Statute (AS) 12.72.020(a). Plaintiff claims this action violated both the Suspension Clause

---

[5] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).
[6] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).
[7] Dkt. 1
[8] *Id.*

Screening Order
*Thompson v. Allard et al*
3:22-cv-00075-SLG-KFR    Page 3 of 9
Case 3:22-cv-00075-SLG-KFR   Document 5   Filed 07/15/22   Page 3 of 9

of Article I, § 13 of Alaska's Constitution and his liberty interest under the Fourteenth Amendment to the United States Constitution.[9]

In Claims 2 and 3, Plaintiff alleges that Defendants violated the Separation of Power doctrine under Alaska's Constitution, and his liberty interest under the Fourteenth Amendment by creating caselaw stating the statutory writ of habeas corpus had been "superseded" by Criminal Rule 35.1 and Alaska Rule of Civil Procedure 86(m), thereby suspending Plaintiff's writ of habeas corpus, which the Superior Court then accepted when it dismissed Plaintiff's writ of habeas corpus in 2020.[10]

Plaintiff seeks declaratory relief that Defendants' interpretation of case law as it relates to his claimed writ of habeas corpus was unconstitutional, as well as "any other relief which the Court finds is just and equitable, in the interest of justice."[11]

In support of his claims, Plaintiff provides three exhibits: Exhibit A – Order Granting Motion to Dismiss in *Thompson v. Williams*, Case No. 4FA-18-02504CI; Exhibit B – Summary Disposition in *Thompson v. State of Alaska*, Court of Appeals Case No. A-13634; and Exhibit C – Order denying Petition

---

[9] Dkt. 1 at 8.
[10] Dkt. 1 at 8.
[11] Dkt. 1 at 9.

Screening Order
*Thompson v. Allard et al*
3:22-cv-00075-SLG-KFR　　　　　　　　　　Page 4 of 9
Case 3:22-cv-00075-SLG-KFR　Document 5　Filed 07/15/22　Page 4 of 9

for Hearing in *Thompson v. State of Alaska*, Supreme Court Case No. S-18164.[12]

## II. Civil Rights Claims Under 42 U.S.C. § 1983

Claims under 42 U.S.C. § 1983 ("Section 1983") have specific required elements that a plaintiff must plead. Section 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[13] In order to plead a proper Section 1983 claim, a plaintiff must allege plausible facts that if proven would establish each of the required elements of: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law."[14]

To act under the color of state law, a complaint must allege that the defendants acted with state authority as state actors.[15] Furthermore, a defendant must be eligible for suit. Because none of the individuals sued by Plaintiff in this case are proper defendants under Section 1983, Plaintiff's Complaint must be dismissed.

---

[12] Dkt. 1-1, 1-2, and 1-3.

[13] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979))

[15] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Screening Order
*Thompson v. Allard et al*
3:22-cv-00075-SLG-KFR                         Page 5 of 9
Case 3:22-cv-00075-SLG-KFR   Document 5   Filed 07/15/22   Page 5 of 9

### a. Defendant Judges Allard, Wollenberg, and Terrell

A state court judicial officer is a state actor. However, "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."[16] Moreover, judicial immunity extends to preclude prospective injunctive relief against a state court judge for acts or omissions made in that judge's official capacity.[17] This judicial immunity is immunity from lawsuit, not just from ultimate assessment of damages, and it cannot be overcome by allegations of bad faith or malice.[18]

Defendant Judges Allard, Wollenberg, and Terrell are all judicial officers in the Alaska Court of Appeals. Defendants are bound by Alaska Rules of Criminal Procedure, Alaska Statutes, the Alaska Constitution, and their duties as judicial officers to preside over appeal cases in the Alaska Court of Appeals. Any rulings or decisions Defendants may have made while presiding

---

[16] *Ashelman v. Pope*, 793 F.2d 1072, 1075-76 (9th Cir. 1986) (citations omitted) (in determining if an action is judicial, courts focus on whether "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity."). "These factors are to be construed generously in favor of the judge and in light of the policies underlying judicial immunity."
[17] 42 U.S.C. § 1983.
[18] *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

Screening Order
*Thompson v. Allard et al*
3:22-cv-00075-SLG-KFR                                    Page 6 of 9
Case 3:22-cv-00075-SLG-KFR   Document 5   Filed 07/15/22   Page 6 of 9

over appeal cases, including Plaintiff's appeal, are acts performed in their official capacity. As judicial officers acting in their official capacity, Defendants are immune from suit as a matter of law. Therefore, they cannot be sued under 42 U.S.C. § 1983.[19]

## CONCLUSION

Defendants are immune from suit. Therefore, Plaintiff fails to state a claim upon which relief may be granted. In addition, no defendants may be substituted under these facts; therefore, amendment is futile.[20]

**IT IS THEREFORE RECOMMENDED:**

1. This action should be **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief may be granted and the futility of amendment.

2. All pending motions should be **DENIED AS MOOT**.

---

[19] The Court notes that even if Defendants were not immune from suit, this Court would lack jurisdiction over Plaintiff's claims, because the *Rooker-Feldman* doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).

[20] *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

Screening Order
*Thompson v. Allard et al*
3:22-cv-00075-SLG-KFR                                  Page 7 of 9
Case 3:22-cv-00075-SLG-KFR   Document 5   Filed 07/15/22   Page 7 of 9

3. A dismissal under these circumstances should be a strike as required by 28 U.S.C. § 1915(g) and *Lomax v. Ortiz-Marquez, et al.*, 590 U.S. ___, 140 S.Ct. 172 (2020).[21]

4. The Clerk of Court should issue a final judgment.

DATED this 15th day of July, 2022 at Anchorage, Alaska.

*s/ Kyle F. Reardon*
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

**NOTICE OF RIGHT TO OBJECT**

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[22] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[23]

---

[21] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."
[22] 28 U.S.C. § 636(b)(1)(B).
[23] 28 U.S.C. § 636(b)(1)(C).

Screening Order
*Thompson v. Allard et al*
3:22-cv-00075-SLG-KFR      Page 8 of 9
Case 3:22-cv-00075-SLG-KFR   Document 5   Filed 07/15/22   Page 8 of 9

A party may file written objections to the magistrate judge's order within 14 fourteen days.[24] Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[25]

---

[24] *Id.*
[25] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

Screening Order
*Thompson v. Allard et al*
3:22-cv-00075-SLG-KFR                                    Page 9 of 9
Case 3:22-cv-00075-SLG-KFR   Document 5   Filed 07/15/22   Page 9 of 9