IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

CARL K. THOMPSON,

    Plaintiff,

  v.

MARJORIE K. ALLARD, *et al.*,

    Defendants.

Case No. 3:22-cv-00075-SLG-KFR

## ORDER RE SCREENING ORDER AND REPORT AND RECOMMENDATION

  Before the Court at Docket 1 is Plaintiff Carl K. Thompson's Prisoner's Complaint under the Civil Rights Act, 42 U.S.C. § 1983, and at Docket 3 is Mr. Thompson's Application to Waive Prepayment of the Filing Fee. These matters were referred to the Honorable Magistrate Judge Kyle F. Reardon. At Docket 5, Judge Reardon issued a Screening Order and Report and Recommendation, in which he recommended 1) this action be dismissed with prejudice, because the complaint failed to state a claim upon which relief may be granted and for the futility of amendment; 2) all pending motions be denied as moot; and 3) a dismissal under these circumstances should be a strike as required by 28 U.S.C. § 1915(g) and *Lomax v. Ortiz-Marquez, et al.*, 590 U.S. ___, 140 S. Ct. 172 (2020).[1] Plaintiff filed objections to the Report and Recommendation at Docket 6.

---

[1] 28 U.S.C. § 1915(g) prohibits a prisoner who has filed more than three actions or appeals in any federal court in the United States that are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "immediate danger of serious physical injury."

These matters are now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[2] A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[3] However, Section 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[4]

Plaintiff makes four objections to the Report and Recommendation. First, he objects to the magistrate judge's finding that the named defendants, three state court appellate judges, have judicial immunity.[5] Second, he objects to the magistrate judge's finding that the *Rooker-Feldman* doctrine bars Plaintiff's complaint.[6] Third, he objects to the magistrate judge's recommendation that the dismissal be with prejudice.[7] Fourth, he objects to the magistrate judge's finding that granting leave to amend would be futile.[8]

---

[2] 28 U.S.C. § 636(b)(1).

[3] Id.

[4] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[5] Docket 6 at 2–3.

[6] Docket 6 at 2–4.

[7] Docket 6 at 2, 4.

[8] Docket 6 at 2, 4–5.

Case No. 3:22-cv-00075-SLG-KFR, *Thompson v. Allard, et al.*
Order re Screening Order and Report and Recommendation
Page 2 of 5
Case 3:22-cv-00075-SLG-KFR   Document 7   Filed 09/06/22   Page 2 of 5

The Court has considered the objections on *de novo* review and finds each to be without merit. As to the first objection, on *de novo* review the Court agrees with the magistrate judge that the state court judges are accorded absolute immunity for their judicial acts pursuant to the Federal Courts Improvement Act of 1996 (codified at 42 U.S.C. § 1983).[9] Additionally, this immunity extends to both injunctive and declaratory relief against judicial officers.[10] The case Plaintiff cites, *Moore v. Urquhart*, 899 F.3d 1095, 1105 (9th Cir. 2018), is inapposite, as it held that unlike a judicial officer, a sheriff was a "quintessential executive branch official" when carrying out a judge's order and hence was not immune from liability.

Further, the Court finds that the *Rooker-Feldman* doctrine serves as an independent basis for dismissal of Plaintiff's case. Federal district courts lack jurisdiction to exercise appellate review over final state court judgments.[11] The *Rooker-Feldman* doctrine prohibits federal district courts from reviewing claims brought by litigants who have lost in state court and allege injuries caused by the state court.[12] The case Plaintiff cites, *Weilberg v. Shapiro*, 488 F.3d 1202 (9th Cir. 2007), is inapposite,

---

[9] *See also Pierson v. Ray*, 386 U.S. 547, 554 (1967) (holding that the common law principle of judicial immunity is well established); *Lund v. Cowan*, 5 F.4th 964, 970–72 (9th Cir. 2021) (discussing how judicial immunity applies to official judicial acts).

[10] *Moore v. Brewster*, 96 F.3d 1240, 1243-44 (9th Cir. 1996), *superseded by statute on other grounds*; *Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987); *Rote v. Comm. on Jud. Conduct & Disability of Jud. Conf. of United States*, 577 F. Supp. 3d 1106, 1126 (D. Or. 2021).

[11] *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923)); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983).

[12] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Case No. 3:22-cv-00075-SLG-KFR, *Thompson v. Allard, et al.*
Order re Screening Order and Report and Recommendation
Page 3 of 5
Case 3:22-cv-00075-SLG-KFR   Document 7   Filed 09/06/22   Page 3 of 5

as it addressed whether the Supreme Court's ruling in *Heck v. Humphrey*, 51 U.S. 477 (1994), bars prospective plaintiffs from bringing a Section 1983 action that is based upon a violation of extradition law.

As to the third and fourth objections, the Court finds on *de novo* review that Plaintiff cannot plausibly allege a viable legal claim arising out the State of Alaska's Court of Appeals July 2021 ruling. The Court's aforementioned reasoning as to why the first and second objections fail precludes Plaintiff's objection that his legal arguments are meritorious and can succeed, or in the alternative that any weaknesses in pleading can be cured by amending the complaint. As explained above, Defendants are absolutely immune from suit and this Court lacks jurisdiction. Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[13] No viable claim can be asserted against the state judicial officers and no other defendants may be substituted under these facts; therefore, amendment is futile.[14]

In light of the foregoing, the Court ACCEPTS AND ADOPTS the Report and Recommendation at Docket 5 in its entirety, and IT IS ORDERED that this action is DISMISSED WITH PREJUDICE for failing to state a claim upon which relief may be granted and the futility of amendment. The application to waive prepayment of the filing fee is DENIED AS MOOT. This dismissal shall be counted as a STRIKE as required

---

[13] *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

[14] *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

Case No. 3:22-cv-00075-SLG-KFR, *Thompson v. Allard, et al.*
Order re Screening Order and Report and Recommendation
Page 4 of 5
Case 3:22-cv-00075-SLG-KFR   Document 7   Filed 09/06/22   Page 4 of 5

by 28 U.S.C. § 1915(g) and *Lomax v. Ortiz-Marquez, et al.* 590 U.S. \_\_\_, 140 S.Ct. 172 (2020).

The Clerk of Court shall enter a final judgment accordingly.

DATED this 6th day of September, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00075-SLG-KFR, *Thompson v. Allard, et al.*
Order re Screening Order and Report and Recommendation
Page 5 of 5
Case 3:22-cv-00075-SLG-KFR   Document 7   Filed 09/06/22   Page 5 of 5